### GUARDIAN TRUST CO v RAPID TRANSIT LAND CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11906. Decided Jan 25, 1932

MAUCK, PJ, MIDDLETON and FARR, JJ, sitting.

Frank K. Pickering, Cleveland, for plaintiff in error.

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for defendants in error.

FARR, J.

It will be observed from the foregoing that it is clearly alleged that the Land Company has earnings and assets available for dividends which it refuses to apply to the payment of plaintiff's claim, and that it is about to dissolve its said company and render itself unable to pay said sum of money. If these things be true then the obligation of the contract has matured; **Loren et al vs Hillhouse, 40 Oh St 302; Suter vs Fertilizer Co., 100 Oh St 403, 9 O. J. 548.**

It is insisted in argument that in view of the clause of the contract first above set out, that no definite time is fixed for the payment of the amount in question. It is simply provided, so it is said, that no dividends shall be paid on the common stock before the payment of said sum of money. However, it must be conceded that if the Rapid Transit Land Company has money or assets available for dividends that then the claim of plaintiff in error has matured. Likewise it should be observed that the liability of the guarantors upon said contract matures at the same time. It would certainly be no defense to a proceeding to discover whether or not the Land Company has assets available for the payment of dividends or that it has failed and refused

to pay the same simply to avoid liability upon the above amount due on said contract. This would permit the violation of a well established principle that a party may not take advantage of his own wrong. It is not necessary or proper now to determine whether or not the above indebtedness is dependent upon earnings, but it is sufficient to determine whether or not the petition states a cause of action and whether there is a misjoinder of parties.

Obviously, if the Land Company now has assets subject to the payment of dividends, the claim against it for the balance due upon the contract has matured and is due because those are the circumstances upon which maturity of the obligation is based and which likewise fixes the time of maturity. It is sufficient to say that the foregoing allegations of the petition clearly make a cause of action in favor of plaintiff in error, and it is yet to be determined what the proof may or will disclose upon a hearing in the court below because there is no refuge from the conclusion that if the Land Company has assets applicable to the payment of dividends the claim of plaintiff in error has matured and become an obligation against it and in view of the fact that the obligation of the guarantors matures concurrently with that of the land Company, there is no misjoinder of parties because their obligations mature at the same time. In this behalf the case of **Neale vs Board of Trustees etc., 31 Oh St 15, 28 C.J. 896-1012,** becomes of interest as well as §11255 and 11258 GC.

It follows, therefore, that the trial court erred in sustaining the demurrers to the amended petition. For the reasons given the judgment is reversed and the cause remanded.

MAUCK, PJ and MIDDLETON, J, concur.